IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BEVERLY A.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civ. No 3:19−cv−01029−CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Beverly A. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability and disability insurance benefits (DIB). Full consent to Magistrate jurisdiction was entered on July 19, 2019. (#7). For the reasons below, the Commissioner's decision is AFFIRMED.

## BACKGROUND[2]

    Plaintiff was born February 21, 1961; she was fifty-two years and eleven months old, a person "closely approaching advanced age" as of her alleged onset date. Tr. 54. Plaintiff speaks and understands English. Tr.199. She completed three years of college in 2007. Tr. 201. Plaintiff has worked as library technician and a secretary for the school district. Tr. 201. She alleges that

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 12.

she is limited in her ability to work by back pain, fibromyalgia, chronic fatigue syndrome, extreme fatigue, "sick feeling," "fuzzy thinking," "flushing," chest rash, vision problems and eye pain, thinning hair, and spotting. Tr. 54, 200.

On May 19, 2016, Plaintiff applied for a period of disability and disability insurance benefits. Tr. 156. In her application, Plaintiff alleged disability beginning January 31, 2014. *Id*. At hearing, Plaintiff amended her onset date to June 1, 2016. Tr. 14. Her claim was denied initially on July 20, 2016. Tr. 53. Her claim was denied upon reconsideration on October 25, 2016. Tr. 65. On December 19, 2016, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. 92. Plaintiff appeared and testified at her hearing held on May 8, 2018, before Administrative Law Judge (ALJ) Katherine Weatherly. Tr. 31. On August 8, 2018, the ALJ issued her unfavorable decision. Tr. 11. Plaintiff requested Appeals Council review of the unfavorable decision. Tr. 146-38. On May 3, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became final. Tr. 1. Plaintiff timely appealed the final decision of the Commissioner to the United States District Court.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not

>   disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021.

2. Plaintiff has not engaged in substantial gainful activity since June 1, 2016 the amended alleged onset date.

3. Plaintiff has the following severe impairments: Status Post L4-L5 microdiscectomy, fibromyalgia, and obesity.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5. Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps and

stairs, but never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but never crawl. She requires the ability to change positions between sitting and standing while remaining on task.

6. Plaintiff is capable of performing past relevant work as a School Secretary, (DOT No. 201.362-022 "skilled (SCP 5), sedentary exertional work activity."

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act from January 310, 2016, through the date of the decision. Tr.21.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a

reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted).  Finally, a court may not reverse an ALJ's decision on account of an error that is harmless.  *Id.* at 1055-56.  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."  *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968).  Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly assess the lay witness statement from Plaintiff's husband?
2. Did the ALJ properly evaluate the medical opinion of Dr. Shireman?

The Court finds that the ALJ properly evaluated the evidence, including the lay witness statement and Dr. Shireman's opinion.  The ALJ's decision is affirmed.

**I.      The ALJ properly evaluated the lay witness statement from Plaintiff's husband.**

It is well-established that an ALJ must consider testimony from lay witnesses submitted on behalf of a claimant. 20 C.F.R. §§ 416.929(c)(3), 416.945(a)(3). The Commissioner's regulations do not require any explicit discussion of lay witness testimony in the ALJ's decision. *See* SSR 06-03p (recognizing that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision").

However, within the Ninth Circuit, lay witness testimony cannot be disregarded without comment. *Molina v. Astrue,* 674 F.3d 1110, 1114 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996)). "Other source" opinion evidence may be discounted by an ALJ if the ALJ "gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010).

Plaintiff's husband, David A., submitted a Third-Party Function Report. Tr. 225. He wrote that he has known Plaintiff for forty-one years, and currently lives with her. *Id*. He wrote that Plaintiff is sick most of the time. Tr. 225. She hurts "most or all of the time." *Id*. She cries easily. *Id*. She needs help with personal care and household chores, like cooking, cleaning, driving, shopping, animal care. *Id*. She sleeps much of the day. Tr. 229. She is limited to lifting five pounds. Tr. 230. She can stand for five minutes in one place and walk half of a mile. *Id*. She has a poor memory, poor concentration, poor ability to follow instructions, and drops things. *Id.* She is in pain "most of the time, if not all the time." Tr. 232. Her activities are "few to none." *Id*. He wrote, "She can't stay on task, she's emotional (cry's [sic] a lot), [and] she tire's very easily." *Id*. He opined that she is limited to one hour of activity. *Id*.

The ALJ considered the statements and observations from Mr. A. Tr. 20. The ALJ found that significant weight "could not be granted to the statements, as they are not consistent with the preponderance of medical and other evidence of record, as well as the opinions and observations by medical [sic] in this case." *Id*.  Inconsistency between the medical record and lay testimony is a germane reason for rejection of the lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005*); see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (upholding rejection of lay witness testimony where the lay statements were inconsistent with the claimant's presentation to physicians).

Additionally, as the defendant points out, "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114 (9th Cir. 2012). Here, the ALJ pointed to evidence of normal range of motion and gait, largely conservative treatment, and daily activities as evidence inconsistent with Plaintiff's allegations.³ Tr. 19. Because Mr. A's allegations were consistent with Plaintiff's, the ALJ needed only to point to the same reasoning, as she did here. Accordingly, the ALJ provided germane reasons for rejecting Mr. A's lay witness statements.

## II. The ALJ properly evaluated Dr. Shireman's opinion.

The ALJ is responsible for resolving conflicts in the medical record. 20 C.F.R. § 404.1527; *Batson v. Comm' r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Under SSA regulations, the more a medical source "presents relevant evidence to support an opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Thus, ALJs may permissibly reject check-off reports that do not contain adequate explanation of the bases of their conclusions. *Molina*, 674 F.3d at 1111.

---

³ Plaintiff does not contest the ALJ's finding that her symptom allegations were not fully reliable. Tr. 18; see ECF Dkt. (#16).

Page 8 of 10 – OPINION and ORDER

On January 27, 2017, Dr. Frances Shireman, M.D., assumed Plaintiff's care. Tr. 667. She recommended active movement and paced exercise for Plaintiff's fibromyalgia, obesity, and depression. Tr .653. On April 7, 2017, Plaintiff remained "morbidly" obese. Tr. 650. On June 1, 2017, Dr. Shireman diagnosed Plaintiff with fibromyalgia, anxiety, and depression. Tr. 599, 645. On June 2, 2017, Dr. Shireman completed a check-box questionnaire about how Plaintiff's medical condition affects her ability to perform work related activities on a sustained basis, in a work setting. Tr. 569. Dr. Shireman opined that Plaintiff would have to lie down or rest periodically during the day. Tr. 570. She opined that Plaintiff would require a break every hour for one-hour duration. Tr. 572. Dr. Shireman opined that Plaintiff requires a job, which permits shifting positions at will from sitting, standing, or walking. Tr. 571-72.

The ALJ gave "no weight" to the June 2017 statement from Dr. Shireman. Tr. 20. First, the ALJ noted that while Dr. Shireman is Plaintiff's treating provider, she has had only a short, limited treating relationship with the claimant. Tr. 20. The length and nature of a treating relationship is an important factor in determining the weight given to a medical opinion. 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated [a claimant] and the more times [a claimant] has been seen by a treating source, the more weight we will give [a] treating source' s opinion."). At the time Dr. Shireman issued her opinion, she had been treating Plaintiff for just over four months; thus, she had a limited view of Plaintiff's impairments over time. By contrast, the state agency medical consultants reviewed over two years of records (Tr. 19, 59-60, 71), and the independent medical examiners reviewed over a year or more of records and conducted extensive physical examinations (Tr. 19, 372-75, 378-81, 388-91, 392-94). Consistent with the regulations, the ALJ properly determined the extent of Dr. Shireman's

treating relationship in evaluating her opinion and deciding which medical opinions to give more or less weight.

Second, the ALJ discounted the opinion because the limitations Dr. Shireman provided are not consistent with the overall medical evidence of record. Tr. 20. Of the six medical opinions in the record, Dr. Shireman's is the only one that assessed limitations more restrictive than the RFC.  Moreover, Dr. Shireman's opinion is internally inconsistent; she assessed restrictive limitations clearly based on Plaintiff's self-reports, using quotations for Plaintiff's own words, but when asked to describe the relevant clinical findings and test results that support Plaintiff's symptoms, she wrote, "none." Tr. 570.  When asked whether Plaintiff's conditions were capable of causing her symptoms, she checked the box for "No." *Id*.

An ALJ may reject a medical opinion that is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). The regulations specify that the more a medical source "presents relevant evidence to support an opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3)).  Here, the ALJ permissibly rejected Dr. Shireman's check-off report, which was internally inconsistent and did not contain an adequate explanation of the bases of her conclusions.

## ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this case is dismissed.

It is so ORDERED and DATED this __24__ day of March, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge